

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-21-2009

# USA v. Mizic

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1580

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Mizic" (2009). *2009 Decisions.* Paper 637.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/637

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Nos. 07-1580/1581/1582/1583/1584/1585/1586/1587/1588/1589/
1590/1591/1592/1593/1594/1595/1596/1597/1598/1599/1600

UNITED STATES OF AMERICA

v.

JOHN EVAN MIZIC,

Appellant.

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D. C. No. 01-cr-00193, et al.)
District Judge:  Honorable Sylvia H. Rambo

Submitted under Third Circuit LAR 34.1(a)
on May 13, 2008

Before:  McKEE and ROTH, <u>Circuit Judges</u>
and PADOVA*, <u>Senior District Judge</u>

Opinion filed: September 21, 2009

O P I N I O N

---

*Honorable John R. Padova, Senior United States District Judge for the Eastern
District of Pennsylvania, sitting by designation.

**ROTH**, <u>Circuit Judge</u>:

John Mizic appeals the sentence he received for violating 18 U.S.C. § 751(a) (escape), 18 U.S.C. § 1344 (bank fraud), and 18 U.S.C. § 1708 (possession of stolen mail). Mizic argues that the government breached its plea agreement with him by "undermining its recommendation for sentence reduction" and that the District Court's sentence was unreasonable because it erred in applying the sentencing guidelines to his conduct. We assume the parties' familiarity with the facts and the record of prior proceedings, which we refer to only as necessary to explain our decision. For the reasons given below, we will affirm the District Court's judgment of sentence in this matter.[1]

Mizic's argument that the government undermined its recommendation for sentencing reduction is wholly without merit. In the agreement, the parties stipulated to a 140-month sentence, with the potential for departure at the government's recommendation upon its determination that Mizic had provided substantial assistance in uncovering the extent of his crimes and those of any others involved. The government requested a sixteen-month reduction. The District Court, however, within its discretion rejected this departure and we will not review this rejection. *See U.S. v.Cooper*, 437 F.3d 324, 332-33 (3d Cir. 2006). Mizic then received a 140-month sentence, as prescribed in

---

[1] We exercise plenary review over whether the government breached the terms of its plea agreement. *United States v. Rivera*, 357 F.3d 290, 293-94 (3d Cir. 2004). Plenary review also applies to the district court's interpretation of the Sentencing Guidelines; we review any factual findings for clear error. *United States v. Grier*, 475 F.3d 556, 570 (3d Cir. 2007).

the plea agreement. Because the sentence imposed was within the terms of the plea agreement, the government did not breach it.[2]

Mizic's second argument, that his sentence was unreasonable because the District Court incorrectly calculated his sentence based on the guidelines, also fails. The plea agreement states that "pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the government and the defendant stipulate and agree to the following regarding the defendant's offense level, criminal history category, and sentence: The parties shall stipulate that the defendant's sentence should be 140 months imprisonment . . .." An agreement entered under Rule 11(c)(1)(C) "binds the court once the court accepts the plea agreement." Fed. R. Crim. P. 11(c)(1)(C); *United States v. Bernard*, 373 F.3d 339, 343 (3d Cir. 2004). The District Court accepted the plea agreement; therefore, it was reasonable for the court to sentence Mizic in accordance with the agreement's terms.

For the foregoing reasons, we will affirm the District Court's judgment of sentence.

---

[2] Had it not requested a sixteen-month departure, the government could still have been in compliance with the agreement, which explicitly stated the government would determine whether Mizic's assistance was substantial.